IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN ALLEN TUTOR,

       Petitioner,

   v.

RICK ANGELOZZI,

       Respondent.

Civil No. 3:10-cv-1486-BR

OPINION AND ORDER

JOHN ALLEN TUTOR
8955 Hessey Road
Iron River, WI  54847

       Petitioner *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

       Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, a former inmate of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 *pro se.* For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus (#2).

**BACKGROUND**

On June 25, 2001, a Klamath County grand jury indicted Petitioner on three counts of Sexual Abuse in the First Degree involving Petitioner's three granddaughters, who were seven-, five-, and two-years of age at the time. The case was tried to a jury, who acquitted Petitioner of the charge pertaining to the two-year-old, and convicted Petitioner of the other two charges. The trial judge sentenced Petitioner to two consecutive mandatory-minimum sentences of 75 months of imprisonment.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Tutor,* 194 Or.App. 328, 95 P.3d 756, *rev. denied,* 337 Or. 616, 103 F.3d 639 (2004), *and rev. denied,* 338 Or. 301, 109 P.3d 375 (2005). Petitioner then filed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court

2 - OPINION AND ORDER -

denied review.   *Tutor v. Hall*, 233 Or.App. 644, 227 P.3d 1242, *rev. denied*, 348 Or. 461, 234 P.3d 983 (2010).

On December 6, 2010, Petitioner filed his *pro se* Petition for Writ of Habeas Corpus in this Court.   In it, Petitioner alleges the following grounds for relief:[1]

**Ground One:**   "Actual Innocence of Crime"
A person is actually innocent unless and until the state proves beyond a reasonable doubt each and every element of the offense charged, including the basis act and intent.
**Supporting Facts:**
1. The indictment charges only the act.
2. The state admits the only evidence they may have is of the act.
3. The prosecutor misled the court and jury by stating guilty can be found on the act element only.
4. The state offered no corroboration of the act, other than inconsistent hearsay, out-of-court statements, interviewer's assumptions, and expert testimony, all without physical evidence.
5. Oregon higher courts have ruled that corroboration of the act is necessary and an expert witness's testimony must be backed by physical evidence or the admittance of said testimony is reversible error.
6. The trial court erred in admitting the victims' out-of-court statements under *Crawford v. Washington*, 541 U.S. 36 (2004).
7. The trial judge never instructed the jury of the need to find *mens rea*.

**Ground Two:**   "Actual Innocence of Sentence"
Petitioner's sentence violates the Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and "any number" of state constitutional provisions and laws.

---

[1]Due to the lengthy and sometimes superfluous language employed by Petitioner in his Petition, the grounds for relief are edited for brevity and clarity.

**Supporting Facts:**
1.  The trial judge improperly applied Oregon law in sentencing Petitioner, resulting in a double jeopardy violation.
2.  The trial judge improperly imposed upward departure sentences.
3.  The trial judge improperly imposed a juvenile sentence on Petitioner, who is an adult.

**Ground Three:** Prosecution or Governmental Misconduct or Malicious Prosecution (at trial court level).
**Supporting Facts:**
1.  Petitioner was tried without probable cause.
2.  The prosecution presented misleading, prejudicial, or both evidence.
3.  The failure failed to investigate possible exculpatory evidence.
4.  The trial judge failed to allow Petitioner allocution.
5.  Improper jury instructions, no instruction on mens rea.
6.  The state changed the evidence.
7.  The state misrepresented laws or facts, or both.
8.  The trial judge was biased.

**Ground Four:** Court's Misconduct – at state Post Conviction Court, state Appellate Court, and State Supreme Court.
**Supporting Facts:**
1.  PCR court erred by not accepting any *pro se* material, violating Petitioner's right to access to the court and to represent one's self.
2.  Due process requires the Oregon Court of Appeals to adjudicate all cases on the merits of each issue, not just issue a "rubber stamp" affirm without opinion.
3.  The Oregon Supreme Court did not abide by its prior rulings.

**Ground Five:** Ineffective assistance of trial counsel; or functional denial of counsel at trial.
**Supporting Facts:**
1.  Failure to make proper motions or objections or both.
2.  Failure to investigate "any thing."
3.  Breach of attorney-client confidence.

4.   The introduction of prior bad acts.
5.   Failure to investigate anything.
6.   Failure to use experts.
7.   Failure  to  object  to  prejudicial  or  false
     statements, or both.
8.   Failure to develop a defense.

**Ground  Six:**   Ineffective  Assistance  of  Appellate
Counsel, violation of 14th Amendment Due Process.
**Supporting Facts:**
1.   Failure to show up at oral arguments, after stating
     this would be the best place to correct the state's
     misrepresentation of the facts that the petitioner
     pointed out to him in the respondent's brief.
2.   Failure to appeal motion for mistrial.
3.   Failure to appeal sentencing issues.
4.   Failure to file demurrer against the indictment for
     insufficiency.

**Ground  Seven:**   Insufficient  evidence;  fundamental
miscarriage of justice.
**Supporting Facts:**
1.   The  indictment  failed  to  charge  mens  rea,  the
     mental element of the crime charged.
2.   No evidence of the mental element was introduced at
     trial.
3.   No  physical  evidence  corroborating  the  act  was
     introduced.
4.   No  evidence  of  "mental  intent"  was  presented,
     proven, or instructed to the jury.
5.   The  state  shifted  the  burden  on  the  mens  rea
     element.
6.   Insufficient indictment.
7.   Recent Oregon higher court decisions have ruled the
     only evidence presented in this case to be "plain,
     prejudicial, and require reversal."

Respondent  argues  Petitioner  fails  to  establish  he  is

innocent  as  alleged  in  Ground  One,  and  that  he  procedurally

defaulted the claims alleged in Grounds Two, Three, Five (2-4, 7-

8),  Six,  and  Seven.   Respondent  also  argues  Petitioner  fails  to

state  a  claim  upon  which  relief  may  be  granted  under  § 2254  in

Ground Four.   With respect to the remaining claims, Respondent argues they were denied in state court decisions that are entitled to deference, and that Petitioner is not entitled to relief on the merits of those claims.

**DISCUSSION**

## I.   Actual Innocence - Ground One

In Ground One, Petitioner argues that he is actually innocent of the charged crimes.   The U.S. Supreme Court has yet to hold that a freestanding claim of actual innocence is cognizable as an Eighth or Fourteenth Amendment claim subject to federal habeas review.   *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *House v. Bell*, 547 U.S. 518, 554-55 (2006).   However, on several occasions the Supreme Court has assumed, without deciding, that such a claim may exist in capital cases.   *House*, 547 U.S. at 554-55; *Herrera v. Collins*, 506 U.S. 390, 417-19 & 427 (1993).

Although the Ninth Circuit has extended this assumption to non-capital cases, the court has never found a petitioner has satisfied the extraordinarily high threshold necessary to support such a claim.   *See e.g. Henry v. Marshall*, 224 Fed.Appx. 635, 637 (9th Cir.), *cert. denied*, 552 U.S. 1084 (2007); *Renteria v. Curry*, 506 Fed.Appx. 644, 646 (9th Cir. 2013); *Hageman v. Hill*, 314 Fed.Appx. 996, 998 (9th Cir.), *cert. denied*, 558 U.S. 849 (2009);

*Cotton v. Schriro*, 360 Fed.Appx. 779, 781 (9th Cir. 2009); *Mills v. Hill*, 330 Fed.Appx. 135, 136-37 (9th Cir. 2009).

In so doing, the Ninth Circuit has opined that the applicable threshold showing for such a claim is that articulated by Justice Blackmun in his *Herrera* dissent, *i.e.*, that a petitioner must "go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997); *Boyde v. Brown*, 404 F.3d 1159, 1168 (9th Cir. 2005); *Jackson v. Calderon*, 211 F.3d 1148, 1165 (9th Cir. 2000); *see also House*, 547 U.S. at 555 (sequence of the Court's decisions in *Herrera* and *Schlup* "implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup* [v. Delo*, 513 U.S. 298 (1995)]"); *Schlup*, 513 U.S. at 317 (freestanding claim of actual innocence "would have to fail unless the federal habeas court is itself convinced that [the] new facts unquestionably establish [the petitioner's] innocence"). A petitioner's burden under this standard is "extraordinarily high" and requires a showing that is "truly persuasive." *Carriger*, 132 F.3d at 476 (quoting *Herrera*, 506 U.S. at 417).

Petitioner does not present any new evidence of actual innocence here. Instead, he argues he is "actually innocent" because the state failed to allege and prove the element of "intent" and because *Crawford v. Washington*, 541 U.S. 36 (2004)

applies to his case and would have prevented the introduction of evidence from CARES.

### A.   Lack of Intent

Petitioner contends the indictment in his case failed to identify that the contact with the victims was for a sexual purpose.  As such, Petitioner argues, no crime has been charged under the indictment.

As noted, Petitioner was charged with three counts of Sexual Abuse in the First Degree, under Or. Rev. Stat. § 163.427, which states:

> (1)  A person commits the crime of sexual abuse in the
>      first degree when that person:
>      (a) Subjects another person to sexual contact and:
>          (A) The victim is less than 14 years of age.

"Sexual contact" for the purposes of Or. Rev. Stat. § 163.427 is defined as:

> [A]ny touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor *for the purpose of arousing or gratifying the sexual desire of either party*.

Or. Rev. Stat. § 163.305(7) (emphasis added).

All three counts of the Indictment charged him with violating Or. Rev. Stat. § 163.427 by "unlawfully and intentionally" subjecting a person under the age of 14 to "sexual conduct." Resp. Exh. 102, pp. 1-2. As such, the indictment sets forth the necessary elements to charge Petitioner with the crime of Sexual

Abuse in the First Degree, and Petitioner's claim of actual innocence on this basis lacks merit.

### B.   Application of *Crawford v. Washington*

In *Crawford v. Washington*, 541 U.S. 36 (2004), the U.S. Supreme Court overruled the long-standing rule set forth in *Ohio v. Roberts*, 448 U.S. 56 (1980) regarding the application of the Confrontation Clause.   In *Crawford*, the Court held that "testimonial statements of witnesses absent from trial are admissible only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine [the witness]." *Whorton v. Bockting*, 549 U.S. 406, 413 (2007) (citing *Crawford*, 541 U.S. at 59).

*Crawford* was issued two years after Petitioner's trial concluded.   Trial counsel is not required to have the prescience to anticipate such a sea change in the law. *See Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (trial counsel need not demonstrate prescience, only objectively reasonable advice under prevailing professional norms).   Moreover, the testimonial statements introduced against Petitioner at trial for the two counts upon which he was convicted were made by witnesses present at his trial who were subject to rigorous cross-examination by defense counsel.   As such, *Crawford* would not apply in any event.

Accordingly, Petitioner's claim of "actual innocence" based on the application of *Crawford* lacks merit.

## II.  Procedural Default - Grounds Two, Three, Five (2-4), 7-8), Six, and Seven

### A.  Legal Standards

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims.  *Keeney v. Tomayo-Reyes*, 504 U.S. 1, 10 (1992).  If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005); *see also Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) ("[i]n [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law").  Furthermore, to

properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1984); *Turner v. Compoy*, 827 F.2d 526, 529 (9th Cir. 1987).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. *Boerckel*, 526 U.S. at 848 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default and (2) actual prejudice from the failure. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750; *see also Wainright v. Sykes*, 433 U.S. 72 (1977); *Murray v. Carrier*, 477 U.S. 748 (1986); *Hughes v. Idaho Bd. of Corr.*, 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to

[petitioner's] actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. *Id.*

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." *Edwards*, 529 U.S. at 451. To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. *Schlup*, 513 U.S. at 329; *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

### B.    Petitioner's Direct Appeal and PCR Proceedings

On direct appeal, Petitioner presented two assignments of error:

> **First Assignment of Error**:  The trial court erred in denying appellant's request for to be give [sic] a new trial attorney.
> **Second Assignment of Error**:  The trial court violated its duty to adequately develop a record from which to determine whether new counsel is warranted after appellant requested new counsel.

Resp. Exh. 106, p. 4. In his counseled Petition for Review to the Oregon Supreme Court, Petitioner raised the same two assignments of error. Resp. Exh. 108, p. 1. Petitioner also filed a *pro se* document with the Oregon Supreme Court entitled "Petition to Review Demurrer and Acquittal and Release," in which he presented numerous other arguments in addition to those presented by counsel. Resp. Exh. 109. As noted, the Oregon Court of Appeals

12 - OPINION AND ORDER -

affirmed without opinion, and the Oregon Supreme Court denied review.

Petitioner then sought state post-conviction relief ("PCR"). Petitioner initiated the PCR proceedings by filing a *pro se* petition alleging numerous claims for relief. Brief in Support of Petition, Docket Entry #39, Exh. 3. The PCR trial judge appointed counsel, who filed a Formal Petition. Resp. Exh. 112. Following an evidentiary hearing, the PCR trial judge denied relief.

On appeal in the PCR proceeding, Petitioner's appellate attorney asserted two assignments of error:

> **First Assignment of Error**: The circuit court erred in denying petitioner's petition for post-conviction relief because petitioner's trial attorney was ineffective for failing to adequately investigate witnesses who might have helped exonerate petitioner and for failing to object to the sentence.
> **Second Assignment of Error**: The trial court erred in holding that appellate counsel effectively represented petitioner.[2]

Resp. Exh. 120, pp. 5, 11. Plaintiff submitted a "Supplemental Pro Se Brief to Appellant's Brief of Counsel," in which he did not argue claims against his conviction and sentence, but instead

---

[2]In the Brief, counsel argued appellate counsel provided ineffective assistance by failing to address three trial court errors: (1) the denial of trial counsel's pre-trial motion to exclude statements made by the victims to third parties; (2) the denial of a mistrial for prosecutorial misconduct in connection with the prosecutor's closing statement; and (3) the sentence violated *Apprendi*.

13 - OPINION AND ORDER -

challenged decisions made by the PCR trial judge.[3]   The Oregon Court of Appeals affirmed without opinion.

Petitioner's PCR appellate attorney filed a Petition for Review with the Oregon Supreme Court arguing the same two assignments of error presented to the Oregon Court of Appeals. Resp. Exh. 124.   Petitioner submitted a "*Pro Se* Supplemental Petition for Review of Petitioner-Appellant," in which he argued two "supplemental" questions:[4]

1.   Can a court try and convict a person on an indictment containing less than all the necessary elements of crime charged?
2.   Should District Attorney and Prosecuting Attorney be reprimanded, or possibly disbarred, for the prosecuting, or causing the prosecution, without probable cause?

Resp. Exh. 125, p. 2.   The Oregon Supreme Court denied review.

**C.   Analysis**

In Ground Two, Petitioner alleges "actual innocence of sentence" based upon arguments that the sentence imposed:   (1) violated double jeopardy principles; (2) resulted from application of an unconstitutional upward departure; and (3) was a "juvenile" sentence improperly imposed on an adult.   In Ground Seven,

---

[3]The record does not indicate whether Petitioner sought and/or received permission from the Oregon Court of Appeals to file his *pro se* supplemental brief.

[4]Again, the record does not indicate whether Petitioner sought and/or obtained permission from the Oregon Supreme Court to file his *pro se* supplemental petition.

Petitioner alleged insufficient evidence to support the conviction. Trial errors and sentencing errors of the type alleged in Ground Two are appropriately brought in Oregon in a direct appeal. *See Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983) (in Oregon, trial errors must be raised by direct appeal to the Oregon Court of Appeals). Petitioner did not raise the claims alleged in Grounds Two and Seven in his direct appeal, and the time to do so has now expired. As such, Petitioner procedurally defaulted the claims alleged in Grounds Two and Seven.

In Ground Three, Petitioner alleges prosecutorial misconduct, and in Grounds Five and Six, Petitioner alleges claims of ineffective assistance of trial and appellate counsel. In Oregon, violations of a defendant's rights which require a further evidentiary hearing for their determination, such as a claim of ineffective assistance of counsel or prosecutorial misconduct, are appropriately determined upon post-conviction review. *Id.; State v. McKarge*, 78 Or. App. 667, 668, 717 P.2d 656 (1986) (claim of ineffective assistance of counsel may only be resolved in post-conviction proceeding); *see also Allbee v. Keeney*, 78 Or. App. 19, 21, 714 P.2d 1058, *rev. denied*, 301 Or. 78 (1986) (in order to warrant post-conviction relief, the error must be of constitutional dimension).

The only claims Petitioner fully exhausted in the state PCR proceedings were the two asserted by Petitioner's attorney in the counseled brief on appeal and in the counseled petition for review to the Oregon Supreme Court:   (1) that trial counsel was ineffective for failing to adequately investigate potential witnesses who might have helped exonerate petitioner and for failing to object to the sentence; and (2) that appellate counsel provided constitutionally ineffective assistance in the three respects noted above.   Petitioner did not fairly present the remaining claims of prosecutorial misconduct and ineffective assistance of counsel alleged in Grounds Three, Five, and Six, and again, the time to do so has now expired.   As such, Petitioner procedurally defaulted these claims for relief.

**D.   Cause to Excuse Procedural Default Under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012)**

In Petitioner's Brief in Support, Petitioner argues his PCR trial attorney failed to present materials to the court which Petitioner requested.   Specifically, it appears Petitioner is requesting this Court to review claims alleged in his initial *pro se* PCR petition based upon an argument that his PCR trial attorney was ineffective in failing to include them in the Formal Petition.

In *Martinez v. Ryan*, the Supreme Court held that "[i]nadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural

16 - OPINION AND ORDER -

default of a claim of ineffective assistance at trial." 132 S.Ct. at 1315. In order to satisfy *Martinez*, a habeas petitioner must show (1) the underlying ineffective assistance of trial counsel claim is substantial; (2) the petitioner had ineffective counsel during the state collateral proceeding; (3) the state collateral proceeding was the initial review proceeding for the claim; and (4) state law required the petitioner to bring the claim in the initial review proceeding. *Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013); *Clabourne v. Ryan*, 745 F.3d 362, 375-78 (9th Cir. 2014); *Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir.), *motion to vacate den.*, 744 F.3d 1147 (9th Cir. 2014); *Miles v. Ryan*, 713 F.3d 477, 494 (9th Cir.), *cert. denied*, 132 S.Ct. 519 (2013).

*Martinez's* narrow exception does not apply to claims that PCR counsel failed to develop or submit certain evidence in support of unspecified ineffective assistance of trial counsel claims, but rather, applies only when initial review collateral-review counsel does not raise a substantial claim of ineffective assistance of trial counsel. *Martinez*, 132 S.Ct. at 1319. In addressing the application of *Martinez*, a court must consider each of the alleged incidents of ineffective assistance separately. *Roberts v. Howton*, --- F.Supp.2d ---, 2014 WL 1400201 at *18 (D. Or., April 9, 2014); (citing *Dickens*, 740 F.3d at 1320-21 (evaluation of procedural default is done on a claim-by-claim basis)).

17 - OPINION AND ORDER -

Upon a review of the record and Petitioner's Brief in Support, the Court can identify three ineffective assistance of trial counsel claims Petitioner apparently argues PCR trial counsel should have, but did not, allege in the Formal Petition. At the PCR trial, counsel informed the PCR trial judge that Petitioner wished counsel to raise claims that trial counsel in the criminal action failed to object to hearsay statements under *Crawford* and failed to file a demurrer to the indictment. Petitioner addresses both claims in his Brief in Support, and, in addition, appears to argue PCR trial counsel should have alleged a third claim based upon the failure to move for acquittal.

### 1.   *Crawford* Claim

As noted in the discussion of Petitioner's actual innocence claim above, *Crawford* does not apply to Petitioner's conviction and sentence. Accordingly, a claim that PCR counsel was ineffective for failing to present a claim based upon trial counsel's failure to argue *Crawford* does not have merit, and cannot fall with the narrow *Martinez* exception.

### 2.   Indictment Claim

Also as discussed in the section on Petitioner's Ground One claim of Actual Innocence above, Petitioner cannot make a meritorious claim that trial counsel was ineffective for failing to demur to the indictment on the basis that the indictment did

not charge an element of the crime.  The indictment set forth the necessary statutory requirements and the jury was instructed in those requirements.  PCR trial counsel's decision to omit this claim from the PCR petition was not ineffective because the claim does not have "some merit."  Accordingly, it does not fall within the narrow *Martinez* exception.

### 3.   Motion for Judgment of Acquittal

Petitioner also cannot make a meritorious claim that trial counsel was ineffective for failing to move for a judgment of acquittal, and that such a claim should have been included in his PCR petition.  Petitioner cannot show there is a reasonable probability the result would have been different.

Due process requires that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof -- defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense."  *Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  The relevant question when reviewing a sufficiency claim is "whether, after the viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 324.

Here, viewed in the light most favorable to the prosecution, there was ample evidence that the jury could have

found the essential elements required for the two convictions beyond a reasonable doubt. The victims testified that Petitioner touched them in their vaginal areas, that he told them not tell anyone, and that he told them they would be in trouble if they did tell. Moreover, Petitioner himself acknowledged the victims touched him on his penis at least ten times. As such, Petitioner's PCR counsel was not ineffective in failing to raise this trial counsel claim in Petitioner's formal PCR petition.

## III. Failure to State a Claim Upon Which Relief May be Granted - Ground Four

In Ground Four, Petitioner alleges the PCR trial and appellate courts violated Petitioner's rights. However, procedural errors in the state PCR proceeding are not cognizable in a federal habeas corpus action under § 2254. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir.), *cert. denied*, 493 U.S. 1012 (1989); *see also* 28 U.S.C. § 2254(a) (habeas petition must allege he is in custody in violation of the Constitution or laws or treaties of the United States). Accordingly, the claims alleged in Ground Four fail to state a claim upon which relief may be granted under § 2254.

## IV.  Relief on the Merits - Ground Five (1, 5, and 6)

### A.  Legal Standards

Under 28 U.S.C. § 2254(d), an application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision to require federal habeas courts to be highly deferential to the state court decisions under review.  In *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-1402 (2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004), *cert. denied*, 546 U.S. 963 (2005). An "unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d at 974.

"The state court's application of law must be objectively unreasonable." *Williams*, 529 U.S. at 411. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly."" *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (internal citations omitted).

"[A] habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Pinholster*, 131 S.Ct. at 1402 (citing *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)). "A state court's determination that a claim lacks merit

precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012) (quoting *Harrington*, 131 S.Ct. at 786) (other internal quotation omitted), *cert. denied*, 133 S.Ct. 1262 (2013). "'[T]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold.'" *Id.* at 1146 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Reasonableness is judged

as of the time of counsel's conduct, not in hindsight.  *Id*. at
689-90.

A federal court reviews a state court's application of
*Strickland* for reasonableness, not for correctness.  *Id*.  The
federal court does not ask "whether counsel's actions were
reasonable" but "whether there is any reasonable argument that
counsel satisfied *Strickland's* deferential standard." *Harrington*,
131 S.Ct. at 788.  "Accordingly, a 'doubly deferential judicial
review' applies to *Strickland* claims rejected by the state court."
*Id*. (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

**B.  Analysis**

Petitioner alleges trial counsel was ineffective in three
respects:  (1) failing to object at sentencing; (2) failing to
investigate potential witnesses; and (3) failing to call a sexual
abuse expert.  At the conclusion of the PCR trial, the PCR trial
judge made the following relevant findings in rejecting
Petitioner's claims:[5]

> There's no evidence that even if other witnesses ha[d]
> been contacted and interviewed, there's no evidence that
> shows that would have been helpful. . . .   The alibi
> stuff is -- I (inaudible) know how to address that, it's
> just totally unsupported and bogus. . . .   Failed to
> employ and use expert testimony.  Again, there's just no
> documentation, no testimony, no witnesses that say even

---

[5]Because the appellate courts did not issue written opinions
in the PCR proceeding, the PCR trial judge provides the last
reasoned decision to which this Court must look.  *Ylst v.
Nunnemaker*, 501 U.S. 797, 804 (1991).

> if he had, [what] would have been the impact on that. .
> . . There's nothing wrong with consecutive sentencing
> under the law.  And there's nothing wrong with [Ballot
> Measure] 11, it doesn't have to be pled.

Resp. Exh. 118, pp. 12-13.

### 1.    Failure to Object at Sentencing

Petitioner argues counsel was ineffective for failing to object on the basis that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) requires that the jury, and not the trial court, was required to make findings to support the imposition of consecutive sentences.  In *Ice v. Oregon*, 555 U.S. 160 (2009), however, the Supreme Court held jury findings are not required to impose consecutive sentences.  Accordingly, any failure to object to the sentences under *Apprendi* cannot constitute ineffective assistance of counsel.

### 2.    Failure to Investigate Potential Witnesses

Petitioner also alleges trial counsel provided ineffective assistance by failing to investigate and call witnesses in his defense.  In the PCR proceeding, however, Petitioner did not provide evidence of which witnesses counsel should have investigated and called.  Specifically, in his brief on appeal Petitioner did not identify for the court which witnesses counsel was ineffective in failing to investigate and call at trial.  Moreover, Petitioner failed to provide any evidence of what evidence would have been adduced from the

25 - OPINION AND ORDER -

witnesses counsel allegedly failed to investigate and call at trial.

In order to show prejudice, a petitioner must present evidence at post-conviction of what should have been presented in the underlying proceeding. *New v. Armenakis*, 156 Or.App. 24, 29, 264 P.2d 1101, *rev. denied*, 328 Or. 594 (1999). Mere speculation about what an expert would have said is insufficient to establish prejudice. *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001). Because Petitioner presented no evidence in support of this claim, the post-conviction court's denial of relief was not contrary to or an unreasonable application of *Strickland*.

### 3.   **Failure to Call a Sexual Abuse Expert**

Finally, Petitioner alleges trial counsel was ineffective for failing to investigate or present a sexual abuse expert at trial. Again, however, Petitioner did not present the state PCR courts with testimony or an affidavit from such an expert. Whether such an expert could have been located to testify in a manner Petitioner believes would have been beneficial, and what that testimony would have been, are matters of speculation. Because Petitioner has not established prejudice, the PCR court's denial of Petitioner's claim that trial counsel was ineffective for failing to investigate and call a sexual abuse expert was not contrary to or an unreasonable application of *Strickland*.

## **CONCLUSION**

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __10ᵗʰ__ day of July, 2014.

_____
ANNA J. BROWN
United States District Judge